UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| BRANDON NICHOLAS BARNETT, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-00008-JMB |
| NINA HILL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Brandon Nicholas Barnett for a preliminary injunction. (Docket No. 13). For the reasons discussed below, the motion must be denied.

### Background

Plaintiff is an inmate at the Southeast Correctional Center (SECC) in Charleston, Missouri. On January 16, 2019, he filed a pro se complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged that while at SECC his testicular pain and shrinkage had been treated with deliberate indifference.

On May 9, 2019, the Court dismissed plaintiff's official capacity claims, as well as the individual capacity claims against defendants Molly Leija, Philip Tippen, Larry Graham, Jason Lewis, Paula Reed, Bruce Hanebrink, Shaun Butts, and Paula Martin. (Docket No. 11). However, the Court directed the Clerk of Court to issue process on defendants Nina Hill and Megan Crowe in their individual capacities as to plaintiff's claims of deliberate indifference to his medical needs. (Docket No. 9). Defendants Hill and Crowe have not yet answered.

Plaintiff filed the instant motion for preliminary injunction on May 20, 2019. (Docket No. 13).

### Plaintiff's Motion for Preliminary Injunction

On the first page of his motion, plaintiff states that he has been complaining about "severe testicle pain and shrinkage" for the past six months. (Docket No. 13 at 1). He alleges that defendant Nina Hill, who examined him, "lied" when she stated that both his testicles were the same size. He further states that after receiving his lab results, defendant Hill advised him that "she did not know the cause of [his] testicle pain and shrinkage." When plaintiff asked defendant Hill to refer him to a urologist, he alleges that he received "no results." Plaintiff claims that the fact that he is having constant shrinkage proves he is in imminent danger and that if he is not sent to a urologist he will suffer irreparable harm including possible loss of organ functioning.

The second and third pages of plaintiff's current motion are from a motion for preliminary injunction that he filed in a separate case, *Barnett v. Hill*, No. 1:18-cv-238-AGF (E.D. Mo. April 15, 2019). The only alteration made to the motion consists of the old case number being scratched out and replaced with the instant case number. In these two pages, plaintiff claims that he has been denied medical care for his stomach ulcers and kidney issues. (Docket No. 13 at 2-3). He seeks an order requiring him to be seen by a urologist. (Docket No. 13 at 3).

### Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

2

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated" and the court must determine whether "a cognizable danger of future violation exists and that danger must be more than a mere possibility." *Id.* at 521. The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Plaintiff has not met his burden of demonstrating that a preliminary injunction should be issued. First, he has not made a showing of irreparable harm. While plaintiff alleges that he is suffering from testicular pain and shrinkage, his claims that this condition puts him in imminent danger of irreparable harm are conclusory and contain no factual support. Instead, the bulk of his motion is spent detailing medical complaints that are not at issue here, including his stomach ulcers and kidney failure. Those allegations are part of a separate case, in which plaintiff's motion for a preliminary injunction was denied.[1] Assertions that do not appear in the complaint cannot form the basis for a preliminary injunction. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Second, granting plaintiff's motion would be harmful to the nonmoving party, because it touches on the merits of the case before defendants have had an opportunity to respond. Finally, the fact that plaintiff's case entails issues of prison administration militates against the granting of an injunction. Therefore, plaintiff's motion must be denied.

Accordingly,

---

[1] *See Barnett v. Hill*, No. 1:18-cv-238-AGF (E.D. Mo. May 1, 2019).

**IT IS HEREBY ORDERED** that plaintiff's motion for a preliminary injunction (Docket No. 13) is **DENIED**.

Dated this 3rd day of June, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE