**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00008-JMB |
| ) | |
| NINA HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the second motion of plaintiff Brandon Nicholas

Barnett for a preliminary injunction. (Docket No. 17). For the reasons discussed below, the motion

must be denied.

## Background

Plaintiff is an inmate at the Southeast Correctional Center (SECC) in Charleston, Missouri.

On January 16, 2019, he filed a pro se complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleged

that while at SECC his testicular pain and shrinkage had been treated with deliberate indifference.

On May 9, 2019, the Court dismissed plaintiff's official capacity claims, as well as the

individual capacity claims against defendants Molly Leija, Philip Tippen, Larry Graham, Jason

Lewis, Paula Reed, Bruce Hanebrink, Shaun Butts, and Paula Martin. (Docket No. 11). However,

the Court directed the Clerk of Court to issue process on defendants Nina Hill and Megan Crowe

in their individual capacities as to plaintiff's claims of deliberate indifference to his medical needs.

(Docket No. 9). Defendants Hill and Crowe have not yet answered.

Plaintiff filed a motion for a preliminary injunction on May 20, 2019. (Docket No. 13).

The motion sought an order requiring him to be seen by a urologist. (Docket No. 13 at 3). The

Court denied plaintiff's motion on May 29, 2019. (Docket No. 16). Plaintiff filed a second motion for a preliminary injunction on June 10, 2019. (Docket No. 17).

**Second Motion for a Preliminary Injunction**

In his second motion for a preliminary injunction, plaintiff states that he has "exhausted all [his] remedies" but is still being denied medical treatment. (Docket No. 17 at 1). As in his earlier motion, plaintiff complains of constant testicle shrinkage and pain. Attached to the motion is an Offender Grievance Appeal form, which plaintiff has marked as Exhibit A, and a Health Services Request, which he has marked as Exhibit B. (Docket No. 17 at 2, 4). On the Offender Grievance Appeal form, plaintiff states that he is being ignored by defendant Nina Hill and that he wants a "second opinion" from a doctor. (Docket No. 17 at 2).

Included with the Offender Grievance Appeal is an Offender Grievance Appeal Response. (Docket No. 17 at 3). The response acknowledges that plaintiff is complaining of testicular pain that he feels is not being treated. The response indicates that plaintiff has been seen by medical professionals for this issue, including nurse sick call appointments on April 23, 2019 and April 30, 2019; evaluations and assessments on September 20, 2018 and October 11, 2018; labs on November 5, 2018 and December 3, 2018; and an appointment with a specialist on January 15, 2019.

**Discussion**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4)

the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Plaintiff has not met his burden of demonstrating that a preliminary injunction should be issued. He has not alleged any additional facts that were not present in his first motion for a preliminary injunction, which was denied. The chief difference in the two motions is that plaintiff has included two exhibits that were not present in the first motion. However, one of plaintiff's exhibits indicates that, despite his allegations to the contrary, he is being seen by medical staff for the condition of which he complains. Therefore, plaintiff's second motion for a preliminary injunction must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a preliminary injunction (Docket No. 17) is **DENIED**.

Dated this 19th day of _June_, 2019.

_RONNIE L. WHITE_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3