# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-CV-00008 JAR |
| NINA HILL, et al., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se "motion to deny defendants' denial of consent" (Doc. No. 22); motion for physical examination (Doc. No. 23); motion for referral to alternative dispute resolution (Doc. No. 24); and motion for appointment of counsel (Doc. No. 25). For the following reasons, Plaintiff's motions will be denied.

**Motion to deny denial of consent to magistrate judge jurisdiction**

Plaintiff filed this action on January 16, 2019, and the case was assigned to United States Magistrate Judge John M. Bodenhausen, pending consent to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). A review of the Court's records shows that Plaintiff consented to magistrate judge jurisdiction on February 5, 2019. Defendants entered their appearance on May 29, 2019; on July 3, 2019, Defendants declined to consent to magistrate judge jurisdiction. The case was then randomly reassigned to the undersigned. In support of his motion, Plaintiff argues that Defendants failed to submit their notice regarding magistrate judge jurisdiction within twenty days after entry of their appearance in the case and should therefore be compelled to submit to magistrate judge jurisdiction.

A United States magistrate judge may conduct all proceedings in a civil matter "upon consent of the parties." 28 U.S.C. § 636(c)(1). Such consent must be obtained from all parties to the litigation and a failure to obtain consent from all parties deprives a magistrate judge of jurisdiction. See, e.g., Roberts v. Manson, 876 F.2d 670, 671-72 (8th Cir. 1989) ("magistrates are not article III judges and therefore have jurisdiction only pursuant to statute").

Federal Rule of Civil Procedure 73(b) provides that when a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, as authorized by 28 U.S.C. § 636(c). If, within the period specified by local rule[1], the parties agree to a magistrate judge's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.

The Court considers Defendants' failure to file a notice of consent within the specified period to be a withholding of consent. Consent must be voluntary, and parties are free to withhold consent without adverse consequences. See Fed. R. Civ. P. 73(b)(2); 28 U.S.C. § 636(c)(2). Accordingly, Plaintiff's motion to effectively compel Defendants to submit to magistrate judge jurisdiction will be denied.

**Motion for physical examination**

Plaintiff requests this Court order that an independent physical examination be provided to him to evaluate his medical condition. Plaintiff does not indicate under what rule he proceeds, but the Court assumes it is Fed. R. Civ. P. 35. Rule 35, however, does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the Court to order a party to submit to a physical

---

[1] E.D. Mo. L.R. 2.08 provides that in the event an action is assigned to a magistrate judge, written consent to magistrate judge jurisdiction must be filed within 21 days of the party's appearance in the case.

examination *at the request of an opposing party*. Grace v. Hakala, No. 1:11CV81 LMB, 2012 WL 2190902, at *3 (E.D. Mo. June 14, 2012) (citations omitted). Moreover, Plaintiff does not indicate who will bear the cost for the proposed examination. Regardless, the Court does not have authority to appoint an expert witness at government expense for a civil litigant, even an indigent one, and a litigant's in forma pauperis status does not entitle him or her to the waiver of payment of ordinary expenses of litigation. Id. Neither the Court nor defendants are required to pay for a plaintiff's expert witness. See, e.g., U.S. Marshals Service v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984) (There is no statutory authority to courts to authorize payment of expert witness fees and expenses in civil suits for damages brought by indigent inmates.); Boring v. Kozakiewicz, 833 F. 2d 468, 474 (3d Cir. 1987) (same). Accordingly, the Court will deny Plaintiff's motion for a physical examination.

**Motion for referral to ADR**

This Court does not routinely refer prisoner actions to ADR. See Barnett v. Lewis, No. 1:18-CV-0003 SNLJ, 2018 WL 4039367, at *1 n.1 (E.D. Mo. Aug. 23, 2018). Pursuant to the Case Management Order issued July 3, 2019, all discovery in this case must be completed by February 3, 2020. (Doc. No. 20 at ¶ 4). At that time, Plaintiff may wish to renew his motion for ADR prior to the matter being set for trial. The Court will therefore deny Plaintiff's motion to refer this case to ADR without prejudice to refiling.

**Motion for appointment of counsel**

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to

further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. As such, the Court will deny Plaintiff's motion for appointment of counsel. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a properly filed motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "motion to deny defendants' denial of consent" [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for physical examination [23] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for referral to alternative dispute resolution [24] is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [25] is **DENIED without prejudice**.

Dated this 25th day of July, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**