**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-CV-00008 JAR |
| NINA HILL, et al., | ) |
| Defendants. | ) |

**DEFENDANTS NINA HILL, NP AND MEGAN CROWE, RN'S MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

COME NOW Defendants Nina Hill, NP and Megan Crowe, RN ("Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c)(1), and move for a protective order and to stay discovery pending resolution of their motion for summary judgment based on failure to exhaust administrative remedies.

**I.   BACKGROUND**

Brandon Barnett ("Plaintiff"), an inmate incarcerated by the Missouri Department of Corrections, initiated this action on January 16, 2019 by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. 1). Plaintiff alleges Defendants failed to provide treatment for his testicular pain and shrinkage, and that Crowe never submitted his sick call requests on the matter. (*See generally id.*).

On August 7, 2019, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before he filed his lawsuit. (*See* Docs. 28-29). On September 3, 2019, Plaintiff responded to the motion for summary judgment, and Defendants submitted their reply on September 6, 2019. (*See* Docs. 30, 33). On September 19, 2019, Plaintiff

1

filed an unauthorized sur-reply. (*See* Doc. 35).[1] The motion for summary judgment is fully briefed.

On September 3, 2019, undersigned counsel for Defendants received Plaintiff's Request for Production of Documents and Notice of Interrogatory dated August 21, 2019. (*See* Ex. A, Pl.'s Discovery Requests). Plaintiff's discovery seeks information regarding his medical care rather than the issue of exhaustion of administrative remedies. (*See id.*). On September 6, 2019, undersigned counsel wrote Plaintiff a letter requesting that he agree to stay discovery pending a ruling on the summary judgment motion. (*See* Doc. 34 at 2). Counsel explained that if the Court granted the motion, then no responses would be necessary and if the Court denied the motion, Defendants would provide their responses within 30 days. (*See id.*). Plaintiff did not respond to the letter but filed his motion to compel instead. (*See* Doc. 34).

In the motion to compel, Plaintiff asserts that he does not agree to stay discovery and seeks an order requiring Defendants to respond to his discovery requests. (*See* Doc. 34). Plaintiff also argues that Defendants' motion for summary judgment should be denied because he has not had an opportunity to conduct discovery. (*See id.*).

## II. ARGUMENT AND CITATION TO AUTHORITY

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense* . . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added).

---

[1] The sur-reply was docketed as a Response to the Motion for Summary Judgment, but Plaintiff had already previously responded at docket entry 30.

Plaintiff served discovery requests seeking information regarding his medical care, whereas Defendants filed a motion for summary judgment based on his failure to exhaust administrative remedies prior to filing his lawsuit. Although Plaintiff argues that the Court should deny Defendants' motion because he has not had an opportunity for discovery, this argument is meritless because his discovery requests do not explore the issue of exhaustion. (*See generally* Ex. A). The only discovery request possibly related to exhaustion is the last interrogatory, #25, when he asks Defendants, "Do you believe Mr. Burnett I.R.R. in Complaint of testicle shrinkage and pain should be submitted as an emergency I.R.R. or consist of as an emergency I.R.R." (Ex. A at 4). However, Defendants' opinions regarding whether Plaintiff should have submitted his IRR as an emergency or whether it should have been processed as an emergency are irrelevant to whether he exhausted his administrative remedies prior to filing suit. The manner in which the IRR was processed did not impede his ability to submit a grievance or grievance appeal, and the classification of the IRR as a non-emergency does not affect the exhaustion analysis.

If the Court grants Defendants' motion, then no discovery responses would be required. Defendants seek an order providing that they are not required to respond to Plaintiff's discovery requests and further staying discovery pending a ruling on their motion for summary judgment. This would help Defendants avoid possible undue expense and burden in responding to the requests.

Defendants certify that they attempted to confer with Plaintiff, an incarcerated inmate, via letter dated September 6, 2019. (*See* Doc. 34 at 2). However, Plaintiff did not respond to the letter but filed his motion to compel instead.

### III. CONCLUSION

This Court should grant Defendants' motion for protective order and to stay discovery to avoid undue burden and expense.

WHEREFORE, Defendants respectfully request this Court grant this Motion for Protective Order and to Stay Discovery.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode, Mo. Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO  63141
jte@eckenrode-law.com
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
*Attorney for Defendants Nina Hill, NP and Megan Crowe, RN*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 26th day of September 2019 to the following:

Brandon Nicholas Barnett, #1196383
SECC
Southeast Correctional Center
300 E. Pedro Simmons Drive
Charleston, MO 63834

*Pro se Plaintiff*

                                               */s/ Libby Cozzoni*