UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-CV-00008 JAR |
| NINA HILL, et al., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se motion for appointment of an independent medical expert (Doc. No. 31); motion for appointment of counsel (Doc. No. 32); and motion to produce documents and interrogatory responses (Doc. No. 34); and Defendants' Motion for Protective Order and to Stay Discovery (Doc. No. 36).

**Motion for appointment of medical expert**

Plaintiff asks the Court to appoint an independent medical expert to this case pursuant to Federal Rule of Evidence 706 to "help the courts and the jury understand the conflicting and complex issues at hand," and to order that prison officials and Corizon pay for the costs of the expert because he is indigent. Rule 706 authorizes the court to appoint an expert witness to testify in an action and order reasonable compensation be paid to the witness by the parties, in such proportion as the court directs. Fed. R. Evid. 706(a), (b). Courts have considerable discretion in deciding whether to appoint an expert pursuant to Rule 706 and in apportioning costs under that provision when one party is indigent. See Severance v. Chastain, No. 4:15-CV-74 CAS, 2018 WL 1251915, at *2 (E.D. Mo. Mar. 12, 2018) (citing cases). Nevertheless, courts rarely exercise their authority under Rule 706, requiring extraordinary and compelling circumstances to justify

1

appointing an expert witness under this rule. See Malady v. Corizon, No. 1:13CV80 SNLJ, 2013 WL 5835995, at *1–2 (E.D. Mo. Oct. 30, 2013) (citing In re Joint Eastern and Southern Districts Asbestos Litigation, 830 F. Supp. 686, 693 (E. & S.D.N.Y. 1993) (citing Fed. R. Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence")); United States Marshals Serv. v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984) (court should appoint an expert witness only under compelling circumstances) (subsequent history omitted).

Here, Plaintiff has not shown compelling circumstances warranting the appointment of an expert witness. His claim for relief concerns failure to treat his testicular pain and shrinkage. Plaintiff is able to testify to the effect of his medical condition upon him. Because the purpose of Rule 706, i.e., to assist the factfinding of the court, would not be served by appointing Plaintiff a court-appointed expert at this point in the proceedings, the motion will be denied without prejudice.

**Motion for appointment of counsel**

A review of the file indicates that Plaintiff first requested appointment of counsel on January 16, 2019. (Doc. No. 3). The Court denied Plaintiff's request without prejudice on May 9, 2019, finding he had demonstrated that he could adequately present his claims to the Court and noting that the case is neither factually nor legally complex. (Doc. No. 9). Plaintiff requested appointment of counsel a second time on July 18, 2019 (Doc. No. 25) and the Court again denied his request after considering the relevant factors. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). The Court finds nothing in the record to cause it to reconsider its previous orders denying Plaintiff's requests for appointment of counsel. As such, the Court will deny Plaintiff's latest motion for appointment of counsel without prejudice.

**Motion to produce discovery**

Plaintiff seeks an order compelling Defendants to respond to his interrogatories and requests for production of documents. Plaintiff's discovery seeks information regarding his medical care. Defendants have moved for a protective order and to stay discovery pending resolution of their motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing the instant lawsuit.

The Court is vested with broad discretion to manage discovery. Bunting v. Sea Ray, Inc., 99 F.3d 887, 890 (8th Cir. 1996). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). Courts have recognized the propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion. See, e.g., Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). The failure to exhaust is an affirmative defense, and Defendants are entitled to move for judgment on the issue. Id. at 1166.

Defendants' motion, if meritorious, is potentially dispositive of the case. Further, any discovery is unnecessary for resolution of the motion because the issues raised are exhaustion of administrative remedies. Thus, the Court finds that judicial economy is best served by staying discovery until after the Court rules on Defendants' pending motion for summary judgment. The Court will grant Defendants' motion for protective order and to stay discovery until it rules on their motion for summary judgment. If, after the Court rules on the motion, it has not disposed of

this action, the Court will lift the stay. In light of this ruling, Plaintiff's motion to produce discovery is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of an independent medical expert [31] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [32] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order and to Stay Discovery [36] is **GRANTED** and Plaintiff's motion to produce documents and interrogatory responses [34] is **DENIED** as moot.

Dated this 30th day of September, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**