# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:19-CV-00008 JAR ) |
| NINA HILL, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se motion for preliminary injunction and temporary restraining order (Doc. No. 39), as well as a motion for supplemental request (Doc. No. 38) and a motion for physical examination (Doc. No. 40). The Court ordered Defendants to respond to Plaintiff's motion for injunctive relief by November 18, 2019. (Doc. No. 42). On November 15, 2019, Defendants filed a memorandum in opposition to Plaintiff's motion. (Doc. No. 43).

**Motion for injunctive relief**

In his motion for injunctive relief, Plaintiff alleges that, on June 20, 2019, urologist Dr. West ordered Plaintiff to have a CT scan of the abdomen and pelvis to make sure he had one kidney, but Defendants denied the specialist's order. He further alleges Dr. West ordered that he see a geneticist and endocrinologist for a diagnosis and treatment of his testicular shrinkage because it is a rare condition and Dr. West does not know how to diagnose it. Plaintiff asserts that he has seen Dr. Tippen for the past three months while Defendant Hill, a nurse practitioner, is out on medical leave, and that Dr. Tippen told him the requests for a geneticist and endocrinologist were denied because they were too expensive. Plaintiff states he has been suffering in pain for four months due to this delay in treatment. He seeks an order restraining Hill, Tippen, and associated

1

individuals from delaying and denying him treatment for his testicular pain and shrinkage and ordering, *inter alia*, that Dr. West's orders be granted immediately regardless of the price of treatment, and that he be sent to a urologist for proper pain medication.

In response, Defendants submit Plaintiff's medical records which indicate that he is receiving treatment for his condition. (Doc. No. 43-1). In May 2019, Dr. Tippen requested a scrotal ultrasound, which was approved. The radiologist assessed asymmetry of testicular size, right smaller than left, normal flow, and possible right epididymal cyst. The following month, Dr. Tippen requested a urology consultation for Plaintiff's continued reports of discomfort in the scrotum. The request was approved and on or about July 11, 2019, Plaintiff saw urologist Dr. West. Dr. West recommended a CT scan of Plaintiff's abdomen and pelvis and evaluations by an endocrinologist and geneticist. Based on Dr. West's recommendations, Dr. Tippen submitted requests for a CT abdomen/pelvis and scrotal ultrasound. If those tests were not revealing, Dr. Tippen planned to proceed with an endocrine workup and review with Dr. West. On August 1, 2019, Plaintiff had a repeat testicular ultrasound, which showed no significant changes. Dr. Tippen prescribed Venlafaxine (Effexor) for pain and planned to review the ultrasound findings with Dr. West.

On August 29, 2019, Plaintiff requested an increase in dosage of Effexor. He reported that he had only taken Effexor for four days and stopped because it was not relieving his pain. The nurse instructed Plaintiff to restart his current dose and allow it enough time in his system to be effective. Also on August 29, 2019, Dr. Tippen requested Plaintiff see a geneticist. In response to that request, the regional medical director submitted an alternative treatment plan, explaining that medical necessity had not been demonstrated and that the overall management of Plaintiff would not be altered by a referral to a geneticist. Plaintiff continued to refuse his Effexor.

In September 2019, Plaintiff's lab test results showed hyperprolactinemia – a condition characterized by elevated levels of the hormone prolactin in the blood. In October 2019, Dr. Tippen submitted a referral request for a brain MRI to examine Plaintiff's pituitary gland. A brain MRI conducted on October 16, 2019 revealed a smaller than normal pituitary for someone of Plaintiff's age; however, no discrete abnormality was noted. Dr. Tippen assessed abnormal pituitary hormones and testicle atrophy and prescribed Duloxetine (Cymbalta). He also planned to see whether the lab would perform a karyotype test. If this test did not show any genetic problems, then he would consider an endocrine referral regarding Plaintiff's abnormal pituitary hormone levels.

**Legal standard**

In considering whether to grant injunctive relief, the Court must consider: (1) the threat of irreparable harm; (2) the balance between the harm and the injury that granting the injunction will inflict on the other parties; (3) the probability plaintiff will succeed on the merits of his case; and (4) the public interest in the case. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project, 877 F.2d 707, 708 (8th Cir. 1989). "In balancing the equities no single factor is determinative." Dataphase, 640 F.2d at 113. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987). "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Turner v. Lomardi, No.

2:15-CV-00048 ERW, 2016 WL 1392043, at *2 (E.D. Mo. Apr. 8, 2016) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

**Discussion**

After weighing the Dataphase factors, the Court finds that Plaintiff has not met his burden of proving that injunctive relief is warranted here. By his own admission, Plaintiff is currently seeing medical staff and receiving treatment for his condition. A prisoner does not have a constitutional right to any particular type of treatment, and there is no violation of a prisoner's rights by refusing to implement a prisoner's requested course of treatment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Further, a mere difference in opinion between Plaintiff and his physician regarding what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991). The Court finds that Plaintiff has provided no evidence of a threat of irreparable harm and that he is unlikely to succeed on the merits of his claims. Plaintiff's motion will therefore be denied.

**Motion for supplemental request**

In his motion, Plaintiff seeks to supplement his complaint with a request for an additional $1,000,000 in damages for pain and suffering and delay in medical treatment. The motion will be granted, and Plaintiff's complaint will be supplemented to include his request for additional damages.

**Motion for physical examination**

Plaintiff asks the Court to order a physical examination of his testicles by an endocrinologist and a geneticist immediately and that the cost of the examination be paid for by the State and/or Defendants. Plaintiff brings his motion under Missouri Revised Statute § 510.040, which allows a court to order a party to submit to a physical or mental examination by a physician

when the mental or physical condition of the party is in controversy. In addition to the fact that this is a rule of civil procedure pertaining to pretrial discovery in Missouri state courts, while this case is pending in federal court, Plaintiff's request is premature as this case is not yet in the discovery phase. On September 30, 2019, the Court stayed discovery pending its ruling on Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit. (Doc. No. 37). Thus, Plaintiff's motion for a physical examination will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for supplemental request [38] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order [39] is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's motion for physical examination [40] is **DENIED**.

Dated this 22nd day of November, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**