!
\UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:19-CV-00008 JAR |
| v. ) | |
| ) | |
| NINA HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Brandon Barnett ("Plaintiff"), an inmate incarcerated at Southeastern Correctional Center ("SECC"), brings this pro se action pursuant to 42 U.S.C. § 1983 against Nurse Practitioner Nina Hill ("Hill") and Nurse Megan Crowe ("Crowe") (collectively "Defendants") in their individual capacities. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges Defendants failed to provide him treatment for his testicular pain and shrinkage. Plaintiff states he saw Hill on September 9, 2018, September 20, 2018, and October 11, 2018 for complaints of testicular pain and shrinkage, and that on October 11, 2018, Hill told Plaintiff his labs were good, but that she did not know what was causing his testicular issues. Plaintiff also claims he submitted over 20 Medical Service Requests ("MSRs") to Crowe, but that she never submitted them and told him she could not help with his testicular issues.

Defendants move for summary judgment on the grounds that Plaintiff did not exhaust his administrative remedies until after he filed the instant action. (Doc. No. 27). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

I.      **Background**[1]

The grievance procedure for the MDOC consists of three steps defined in policy D5-3.2 "Offender Grievance," effective January 1, 2015. (SOF at ¶ 4). First, the inmate must file an Informal Resolution Request ("IRR") within 15 calendar days from the alleged incident. If the complaint is not resolved by discussion, the classification staff member or designee will investigate and develop a proposed response for the approval of the functional unit manager or designee and the deputy warden or designee. Informal resolution requests should be responded to as soon as practical, but within 40 calendar days of receipt. (SOF at ¶ 5).

Second, if the inmate's grievance is not resolved at the informal level, he or she may proceed to the second step and file a formal grievance. A grievance must be filed within 7 calendar days after the offender receives the response on the informal resolution request form. Failure to do

---

[1] The facts are taken from Defendants' Statement of Uncontroverted Material Facts. ("SOF", Doc. No. 29). Plaintiff did not respond to Defendant's Statement of Facts. Local Rule 4.01(E) provides:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Plaintiff's pro se status does not excuse him from complying with local rules, see Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983). As a result of his failure to meet the requirements of Local Rule 4.01(E), Plaintiff is deemed to have admitted all facts in Defendant's Statement of Uncontroverted Facts. Turner v. Shinseki, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010) (citing Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999)). However, Plaintiff's failure to respond properly to Defendant's motion does not mean summary judgment should be automatically granted in favor of Defendant. Even if the facts as alleged by Defendant are not in dispute, those facts still must establish he is entitled to judgment as a matter of law. Cross v. MHM Corr. Servs., Inc., No. 4:11-CV-1544 TIA, 2014 WL 5385113, at *3 (E.D. Mo. Oct. 10, 2014).

2

so will result in the complaint being abandoned. The CAO or designee should respond to offender grievances within 40 calendar days of receipt. (SOF at ¶ 6). Third, if the grievance is not resolved at the formal level, the inmate must file an appeal within seven calendar days. An appeal response should be provided as soon as practical, but within 100 calendar days of receipt. (SOF at ¶ 7).

Expiration of the response time limit at any stage of the process allows the grievant to move to the next stage of the process by notifying the grievance officer or designee. A grievance is not considered exhausted unless and until the inmate completes the formal grievance procedure at the appeal level. (SOF at ¶ 8). All offenders are provided access to the grievance procedure unless special limitations have been placed as a result of offender misuse of the grievance procedure. (SOF at ¶ 9).

Plaintiff submitted the following grievances at SECC since 2016 regarding his medical care: SECC-16-926, SECC-17-39, SECC 17-176, SECC-17-227, SECC-17-749, SECC-18-197, SECC-18-364, SECC-18-451, SECC-18-712, SECC-18-897, SECC-18-982, SECC-18-983, SECC-19-261, and SECC-19-428. (SOF at ¶ 10). The only grievance relating to Plaintiff's testicular issues is SECC-18-982. (SOF at ¶¶ 11, 15).

Plaintiff submitted IRR SECC-18-982 on November 6, 2018. In that IRR, he complained that Hill told him that his labs looked good, but she did not know what was causing his testicles to shrink and there was nothing else she could do. He stated he asked for further testing, but Hill told him nothing else could be done. On December 11, 2018, Plaintiff indicated the IRR was not resolved by discussion. On January 11, 2019, he acknowledged receipt of the IRR Response and indicated it was unsatisfactory. Plaintiff submitted Grievance SECC-18-982 the same day, January 11, 2019. (SOF at ¶ 12).

In Grievance SECC-18-982, Plaintiff raised the same allegations against Hill and added new allegations that he had filed at least ten additional MSRs to "Nurse Megan," but she told him that she shredded them because Hill said nothing could be done about his testicular issues. (SOF at ¶ 13). On March 19, 2019, the response to Grievance SECC-18-982 was issued. The Superintendent signed the Grievance Response on March 24, 2019.

Plaintiff appealed Grievance SECC-18-982 on April 16, 2019. The appeal was denied on May 2, 2019. Plaintiff thus exhausted Grievance SECC-18-982 on May 2, 2019, after he received the appeal response. (SOF at ¶ 14). Plaintiff filed his Complaint in this case on January 16, 2019. (SOF at ¶ 16).

## II. Legal standard

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour & Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

### III. Discussion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219 (2007). The PLRA's exhaustion requirement is "mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006).

The PLRA requires inmates to: (1) *fully and properly* exhaust their administrative remedies *as to each claim* in the complaint; and (2) complete the exhaustion process before filing an action in federal court. Jones, 549 U.S. at 211, 219-20, 223-24; Woodford, 548 U.S. at 93-95; Burns v. Eaton, 752 F.3d 1136, 1141-42 (8th Cir. 2014). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see also Woodford, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must comply with the exhaustion requirements of the incarcerating facility before he can properly file a § 1983 action.

The MDOC provides a three-step administrative grievance process. (MDOC Policy D5-3.2). "To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the

5

response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. ***Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted***." Human v. Hurley, No. 2:17CV008 ERW, 2018 WL 1519376, at *3 (E.D. Mo. Mar. 28, 2018) (quoting Wewerka v. Roper, No. 4:09CV1973 CDP, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010)) (emphasis in the original).

In support of their motion for summary judgment, Defendants submit the affidavit of Tracey Davis, Grievance Officer at SECC. (Doc. No. 29-1). Davis attests that the only grievance Plaintiff submitted with regard to the issues raised in this lawsuit was Grievance SECC-18-982. Davis explains that Plaintiff did not complete the appeal process with regard to Grievance SECC-18-982 until May 2, 2019, nearly four months after this lawsuit was filed.

Plaintiff argues he was not required to exhaust administrative remedies prior to filing suit because he was in imminent danger. The PLRA, however, does not recognize any such exception. McAlphin v. Toney, 375 F.3d 753, 754 (8th Cir. 2004). Plaintiff further argues he should be exempt from exhausting administrative remedies because his grievance should have been processed as an emergency grievance. Plaintiff provides no support for his contention. Moreover, Plaintiff did not check the box next to "EMERGENCY COMPLAINT" on his IRR form, indicating that the IRR was not an emergency. (See Doc. No. 29-4 at 6).

Because Plaintiff filed this lawsuit before completing the appeal process on the relevant grievance, his claim must be dismissed. See Mosley v. Correctional Care Solutions, 671 F. App'x 401 (8th Cir. 2016) (unpublished per curiam) ("We further conclude that the District Court did not err in dismissing some of Mosley's claims for failure to exhaust administrative remedies, as it is

6

undisputed that Mosley filed a pertinent grievance that was ultimately exhausted after he initiated this action."). See also King v. Iowa Dep't. of Corr., 598 F.3d 1051, 1053 (8th Cir. 2010) (Section "1997e(a) requires 'proper' exhaustion, that is, 'a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'"); Johnson v. Jones, 340 F.3d 624, 626-28 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court.")."

### IV. Conclusion

Based on the undisputed evidence presented, Defendants' motion for summary judgment will be granted and Plaintiff's claims dismissed, without prejudice, based on his failure to fully exhaust his administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [27] is **GRANTED**.

A separate Judgment will accompany this Memorandum and Order.

Dated this 28th day of January, 2020.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**